THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
FOR THE TERRITORY OF GUAM

| | |
|---|---|
| MICHAEL F.Q. SAN NICOLAS and KATHRYN K. SAN NICOLAS,<br><br>Petitioners,<br><br>v.<br><br>DIRECTOR OF THE DEPARTMENT OF REVENUE AND TAXATION,<br><br>Respondent. | CIVIL CASE NO. 20-0049<br><br>ORDER |

This matter comes before the Court on Petitioners' motion to enforce a purported settlement agreement (Dkt. No. 31). Having considered the briefing and the relevant record, and finding oral argument unnecessary, the Court DENIES the motion for the reasons explained herein.

Petitioners brought suit challenging the Guam Department of Revenue and Taxation's 2016 tax deficiency notice. (Dkt. No. 1; *see* Dkt. No. 1-1 (notice of deficiency).) The Court set a May 2022 bench trial. (Dkt. No. 10.) However, during a preliminary pretrial conference, the parties notified the Court they were close to a resolution and later told the Court they had reached an agreement. (Dkt. Nos. 13, 20, 22.) Upon the Court's subsequent receipt of their joint status report, the Court vacated the trial date and set a June 2022 status conference. (Dkt. Nos. 20, 22, 23.)

During the conference, Respondent informed the Court that the parties had, in fact, not yet finalized their agreement. (*See* Dkt. No. 26 (entry of proceeding).) Petitioners asserted otherwise, contending they had come to an agreement on all material terms. (*Id.*) Petitioners then moved for leave to seek enforcement of this agreement, which the Court granted. (*See* Dkt. No. 28.)

In this instance, the Court is sitting in the capacity of a United States Tax Court. *See Forbes v. Maddox,* 339 F.2d 387, 388 (9th Cir. 1964); *Simpao v. Govt. of Guam*, 2005 WL 6777982, slip op. at 2 (D. Guam 2005). As such, Petitioners argue that it may compel Respondent to comply with the agreement Petitioners believe they already reached. (*See* Dkt. Nos. 2–4, 40 at 1–2.) While it is true that the Court may, in some instance, compel such action, the burden of proof falls on the movant to demonstrate the existence of a binding agreement. *See FPL Group, Inc. v. C.I.R.*, 95 T.C.M. (CCH) 1562 (2008). This, of course, requires a meeting of the minds on all material terms. *Sergy v. Comm'r*, 60 T.C.M. (CCH) 548 (1990).

Having now reviewed the parties' legal argument and evidence (Dkt. Nos. 31, 32, 34, 38, 40), it appears clear the Court cannot provide Petitioners the relief they seek. This is because Petitioners (a) fail to provide sufficient evidence to support a meeting of the minds (in fact the evidence suggests the opposite) and, (b) regardless, the Court lacks jurisdiction to compel Respondent to address the crux of their remaining disputed issue—terms associated with the imposition of statutory interest on a settled tax obligation (for which the interest is not yet computed or assessed).

From the beginning of negotiations, Respondent indicated that it had no discretion regarding the starting date for the imposition of statutory interest. (*See* Dkt. Nos. 34-1 at 2 (Respondent's initial communication indicating that statutory interest would be due).) Nevertheless, Petitioners provided markups suggesting they believed otherwise. (*See* Dkt. No. 34-3 at 3, 5 (Petitioner's mark ups).) But Respondent indicated, in no uncertain terms, that it could not agree to Petitioners' mark ups. (Dkt. No. 34-4 at 2–3 (e-mail communications

regarding same). For reasons not clear to the Court, Petitioner ignored this contention in concluding that an agreement had been reached. (*See generally* Dkt. Nos. 31, 32, 40.)

Ignoring a disputed term does not make it undisputed. And a binding agreement cannot result from willful ignorance. If, for no other reason, this would violate the "mirror image" rule. *See, e.g.*, *Blas v. Cruz*, 2009 Guam 12, ¶ 19 (Guam 2009); *see also Sergy* 60 T.C.M. (CCH) 548 (discussing the need for a "complete meeting of the minds as to all details of the settlement."). Even if Petitioners had presented evidence sufficient to support a binding agreement on the calculation of interest, the Court lacks jurisdiction to abate such interest and, by extension, compel Respondent to agree to terms deviating from the statutory requirements associated with the calculation and assessment of interest. This is because, sitting in the capacity of the Tax Court, the Court's jurisdiction is limited to the abatement of *assessed* interest—not negotiated interest. *See Hinck v. U.S.*, 550 U.S. 501, 508 (2007); *Kersh v. C.I.R.*, 98 T.C.M. (CCH) 458 (2009).

For the foregoing reasons, the Court DENIES Petitioners' motion (Dkt. No. 31). The parties are ORDERED to meet and confer and file a joint status report within thirty days of this Order containing a proposed case management schedule for this matter.

DATED this 20th day of September 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CIVIL CASE NO. 20-0049
PAGE - 3

Case 1:20-cv-00049 Document 41 Filed 09/20/22 Page 3 of 3